### Maurer, trad. v. Township of Coal

*James J. Rosini,* for plaintiff.

*Vincent V. Rovito* and *Carl Rice,* of *Rice & Rice,* for defendant.

KIVKO, P. J. July 3, 1974.—This matter comes before us on preliminary objections by defendant, Township of Coal, in the nature of a motion to strike off the complaint of plaintiff, Paul F. Maurer, t/a/d/b/a Paul Maurer Construction Co.

Plaintiff's action is for money alleged to be due and owing plaintiff by defendant for furnishing and installing concrete culvert pipe in a designated area in Coal Township. The major portion of the claim is based on a written contract a copy of which is alleged to be attached to the complaint.

Defendant's preliminary objections are based on plaintiff's failure to attach the contract in its entirety, more specifically, on plaintiff's failure to attach the following documents which are incorporated into the main body of the agreement by reference: the specifications, addenda if any, invitations for bids, instructions to bidders, signed copy of bid, notice of award, stipulation against liens, performance bond, labor and materialman's bond, bid bond, certificate of liability insurance and certificate of workmen's compensation insurance.

Pennsylvania Rule of Civil Procedure 1019(h) pro-

vides that if a claim is based upon a writing, "the pleader shall attach a copy of the writing, or the material part thereof." The entire writing need not be attached. A corollary rule, Pa. R. C. P. 1019(a) provides that: "The material facts on which a cause of action . . . is based shall be stated in a concise and summary form."

The cause of good pleading will not be advanced in an action based on a construction contract by compelling plaintiff to attach to the complaint the auxiliary documents referred to unless such documents are material to the claim. On the other hand, if the documents are not material and plaintiff chooses to attach to the complaint only part of the contract, then, in order to meet the procedural requirements, it is incumbent upon plaintiff to aver that the part attached is the material part of the contract.

Plaintiff contends that defendant's motion to strike should be dismissed because the proper preliminary objection in such a case, if supportable, should be by motion for a more specific complaint. We believe that either motion would be appropriate for the question raised by defendant. In any event, the court at any stage of an action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties: Pa. R. C. P. 126.

Plaintiff, having failed to attach to the complaint the written contract in its entirety and having failed to aver that the part of the contract attached is the material part, we enter the following

## ORDER

And now, July 3, 1974, defendant's motion to strike is sustained. Plaintiff is permitted to file an amended complaint within 20 days.